UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX,

    Petitioner,

v.                                                                                                                                                                    Case No. 2:05cv-197
                                                                                                                                                                  HON. GORDON J. QUIST

JERI-ANN SHERRY

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Steven J. Wilcox filed this petition for writ of habeas corpus challenging the validity of his conviction. Petitioner was convicted of kidnaping and first degree home invasion after his no contest plea, and on November 13, 2002, was sentenced to 209 months to 60 years imprisonment. At the preliminary examination the victim testified a male individual attacked him in his sleep, beat him, bound him with duct tape, and left him on the floor of his apartment. After some time, the victim was able to free himself and was again attacked and re-taped. His attacker then repeatedly checked the duct tape bindings. The victim was refused use of the bathroom and denied food and water. The victim was eventually handcuffed and tied to his bed.

        At some point the victim was able to remove some of the duct tape from his eyes and mouth. His bedroom door opened and his neighbor, Ms. Winters, entered. He asked her to help him. She removed some of the duct tape and placed it over the victim's mouth. The victim then tried to escape through the door. Petitioner entered the bedroom and re-taped the victim's legs. After three days, petitioner and his co-defendant changed the victim's soiled clothing. Petitioner told the victim

that they were taking him to an ATM machine so that he could withdraw some money. Petitioner took the victim to the victim's car and placed him in the back seat. Petitioner then drove the victim to an adjoining apartment complex. Petitioner forced four sleeping pills into the victim's mouth. Petitioner and Ms. Winters then left the car. The victim escaped from the car and began pounding on apartment doors to get help. A young man opened a door and called the police.

Prior to his plea, a hearing was held regarding the calculation of the guidelines involving offense "variable OV7." Defense counsel argued that the prosecutor was asserting terrorism was involved to justify a 50 point increase. Defense counsel asserted this was already a factor taken into account in kidnapping. The prosecutor argued that the victim was elderly, bound with duct tape around his hands, feet and mouth, left for several days without any type of clothing. and was taken from his own apartment. The court concluded:

> I think that definition and the facts of this case support the 50 points.
> The age of the gentleman, the amount of time he was kept, the fact
> that he was taken to another location all indicate that this is not the
> more classic kidnapping situation.

Plea transcript at 5-6, docket #19. Petitioner then pleaded no contest to home invasion, kidnapping and habitual fourth. Petitioner understood that he was facing life in prison.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner states:

Steven J. Wilcox is being detained in violation of the Fourteenth Amendment to the United States Constitution, as the state trial court engaged in impermissible "double-counting" when scoring offense variable 7; further, petitioner was sentenced based on disputed information that was not proven by a preponderance of the evidence, namely the alleged physical abuse and length of time the victim was held.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent asserts that petitioner never presented to the Michigan Court of Appeals his claim that the court engaged in impermissible double counting when scoring offense variable OV7. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1731 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 119 S. Ct. at 1732; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 119 S. Ct. at 1732. It appears that petitioner failed to exhaust this claim by not presenting it to the Michigan Court of Appeals.

Moreover, the court ruled that OV7 applied to this case before petitioner made his no contest plea. Petitioner may not raise claims that were resolved prior to a valid guilty plea or, in this case, a no contest plea. *Tollett v. Henderson*, 411 U.S. 258 (1973). As explained by the Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred

> prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective assistance of counsel].

*Id.* at 266-67.  Petitioner cannot show that his plea was involuntary.  Petitioner's no contest plea prevents him from raising claims of error that occurred prior to his plea.

Petitioner argues that his guideline score was based upon disputed factual evidence. However, claims based upon state law are not cognizable in this proceeding.  Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings.  *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970).  To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice.  *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).  Moreover, petitioner had the opportunity to, and did in fact, contest the findings and conclusions of the trial court at the sentencing proceeding.  Petitioner was sentenced within the statutory limits of his crimes.  In the opinion of the undersigned, petitioner's claims are without merit.

It is therefore recommended that this Court dismiss the petition.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner's no contest plea prevents him from asserting claims of error that occurred before his plea and petitioner cannot establish that any constitutional error occurred at his sentencing proceeding. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: June 4, 2008